## The Rhoades & Ramsey Company
### v.
## Peter Smith and Hannah Smith.

*Creditors' Bills—Fraudulent Sale—Evidence.*

1. The purchaser of property alleged to have been sold in fraud of the creditors of the grantor may be interrogated, he being charged with knowledge of such fraudulent intention, as to his financial condition and ability, in proceedings instituted by such creditors to set aside the same.

2. If such purchaser paid for the property, he can not be deprived of it, unless he took it with knowledge of the grantor's fraudulent intent, or with knowledge of such facts and circumstances as would put him on notice that such grantor was conveying the property for the purpose of hindering, delaying or defrauding his creditors.

[Opinion filed December 7, 1891.]

Appeal from the Circuit Court of Cook County; the Hon. Loren C. Collins, Judge, presiding.

Messrs. Burke, Hollett & Tinsman, for appellant.

Messrs. Haneoy & Merrick, for appellees.

Moran, J. Appellants filed their creditor's bill against James Riley and James McDowell and the appellees alleging the recovery of judgment in favor of appellants for something over $4,000, against said Riley and McDowell, on an indebtedness owing from said Riley and McDowell to appellants, and the return of an execution *nulla bona.* The bill alleges among other things that after said indebtedness from Riley and McDowell to appellants and before commencement of the action in which judgment was rendered, said defendant, Riley, conveyed to one Peter Smith by warranty deed a certain lot in the bill described for the alleged consideration of $2,500; that said Riley was at the time of said conveyance the owner of the said lot, with the house thereon, and that the

conveyance to said Smith was a colorable transaction and made for the purpose of hindering and delaying appellants in the collection of their said debt; that said consideration was not paid by said Smith, or if paid was not paid in good faith, and that said Smith did not receive said conveyance for any debt justly due him from said Riley, but by arrangement with said Riley said property was so transferred by said Riley in order to keep the same from his creditors, and that at the time of the conveyance by said Riley he was insolvent and indebted to appellants; that the said property so conveyed was worth about $5,000. The bill prays that said conveyance should be set aside and declared fraudulent against appellants, and said premises sold and the proceeds applied toward the payment of said judgment.

On the hearing, it appeared by uncontradicted testimony that Riley, just before he executed the deed to Smith, stated that he wanted to make over his property to said Smith, so that he would get out of paying his debt to appellant; that at the time said deed was drawn and signed and acknowledged by said Riley, said Smith was not present; that Smith was at the time said deed was made, the brother-in-law of said Riley; that Riley continued for more than a year after the making of the deed, to rent the premises and collect the rent therefor in his own name, and that he also continued to pay the taxes on the lot.

All these circumstances certainly made a case justifying the inference that the transfer was fraudulent and without consideration. It was clearly shown to be fraudulent on the part of Riley, and if Smith did not pay a consideration for the deed he could not hold the property against a creditor of Riley. When Smith was called to the stand he showed that he lived in a house which he had purchased for $1,700. He was asked if that house was paid for, but that question his counsel objected to and the court sustained the objection. The question was proper and should have been allowed. It was competent for appellants to inquire into Smith's financial condition and ability. There was no attempt to show by Smith that he in fact paid for the lot conveyed to him by Riley.

His counsel contented himself with asking him if he had money to pay for this building when he bought it. On the close of complainant's evidence the court dismissed the bill as to Smith and wife for want of equity. This was error. The facts proved by complainant required a decree against Smith unless he showed that he actually paid for the property. If he did actually pay for the property he could not be deprived of it unless he took it with knowledge of Riley's fraudulent intent, or with knowledge of such facts and circumstances as would put him on notice that Riley was conveying the property for the purpose of hindering, delaying or defrauding his creditors.

The decree dismissing the bill must be reversed and the case remanded to the Circuit Court, with directions to deny the appellee's motion to dismiss the bill as to them, and to proceed with the case in a manner not inconsistent with this opinion.

*Reversed and remanded.*